IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUTH FADDISH, Individually and as executrix of the estate of JOHN FADDISH, deceased, | : : : : : | CONSOLIDATED UNDER MDL 875 |
| Plaintiff, | : : | CIVIL ACTION NO. 09-70626 |
| v. | : : | |
| BUFFALO PUMPS, INC., et al., | : : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              AUGUST 17, 2010

Before the Court is the report and recommendation ("R&R") issued by Chief Magistrate Judge Thomas J. Rueter, and joined by Magistrate Judges David R. Strawbridge and Elizabeth T. Hey ("the Panel"), and defendant Crane Co.'s objections thereto. The Panel recommends that the Court deny Crane Co.'s motion for summary judgment.[1]  Federal jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332.  The issue before the Court revolves around product identification.

---

[1] This case was referred by Order of the Presiding Judge of MDL-875 to a panel of three magistrate judges pursuant to MDL-875 summary judgment procedures regarding issues of causation (product identification), successor liability and settled issues of state law. (See MDL-875 summary judgment procedures, available at www.paed.uscourts.gov/mdl1875y.asp; see also doc. no. ). In the instant case, the R&R was filed after all parties were afforded an opportunity to brief all relevant summary judgment issues and lengthy argument in front of the Panel.

I. BACKGROUND

This case is part of MDL-875, the consolidated asbestos products liability multidistrict litigation pending in the Eastern District of Pennsylvania. The instant claims are based on failure to warn causes of action. (Compl. ¶5.) Plaintiff's husband and the injured party in the instant case, John Faddish ("Mr. Faddish"), was a serviceman in the U.S. Navy. Mr. Faddish served aboard the U.S.S. Essex from 1958-1961. (Suppl. Compl. ¶¶ 3-5.) Plaintiff alleges that Mr. Faddish's death from mesothelioma was related to asbestos-containing Crane Co. products used aboard the U.S.S. Essex. (Id.)

Crane Co. moved for summary judgment relying solely on the argument that Plaintiff had failed to establish causation. Specifically, Crane Co. argued that Plaintiff had failed to establish that exposure to a Crane Co. product caused John Faddish's ("Mr. Faddish") injuries.[2] (Crane Co.'s Mot. Summ. J. at 2, 4-5. doc. no. 107.)

Crane Co. raises three specific objections to the R&R. (Crane Co. Objects., doc. no. 177, at 1.) First, it argues that the Panel erred in determining that Mr. Faddish worked on Crane Co. valves during his time with the Navy. Second, it contends that the Panel incorrectly found that Crane Co. specified the use

---

[2] John Faddish is the injured party. He is deceased and his wife Ruth Faddish has been appointed executrix of his estate and has been substituted as the named plaintiff in this case.

2

of asbestos in its valves.  Third, Crane Co. objects to the
Panel's finding that Plaintiff advanced sufficient evidence of
causation to avoid summary judgment.  Specifically, with regard
to their third objection, Crane Co. states that "under either
Florida or maritime law, Crane Co. is not liable for asbestos-
containing products made or supplied by others that Crane Co. did
not place into the stream of commerce."  (Id.)  The Court
overrules each of these objections, and adopts the Panel's R&R
denying Crane Co.'s motion for summary judgment.


II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[a] judge of the
Court shall make a de novo determination of those portions of the
report or specified proposed findings or recommendations to which
objection is made.  A judge of the Court may accept, reject, or
modify, in whole or in part, the findings or recommendations made
by the magistrate judge."  Id.

When evaluating a motion for summary judgment, Federal
Rule of Civil Procedure 56 provides that the Court must grant
judgment in favor of the moving party when "the pleadings, the
discovery and disclosure materials on file, and any affidavits
show that there is no genuine issue as to any material fact . . .
."  Fed. R. Civ. P. 56(c)(2).  A fact is "material" if its
existence or non-existence would affect the outcome of the suit

3

under governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact.  Id. at 248-49.  "In considering the evidence, the court should draw all reasonable inferences against the moving party."  El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

"Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by showing-that is, pointing out to the district court-that there is an absence of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof."  Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004) (quoting Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001)).  Once the moving party has thus discharged its burden, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in [Rule 56]--set out specific facts showing a genuine issue for trial."  Fed. R. Civ. P. 56(e)(2).

III. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court must

apply a de novo standard of review to the portions of the R&R that Crane Co. has objected to.  Notably, Crane Co. has not objected to the applicable law that the Panel applied in reaching their recommendation.  (See R&R, doc. no. 159, at 5.)  The substance of Crane Co.'s objections is directed at the application of the law to the facts presented by Plaintiff.  Therefore, the Court adopts the Panel's recitation of the applicable Florida law on causation in asbestos products liability cases.  Crane Co.'s three objections to the application of the law are addressed ad seriatim.

A. Objection to the Panel's Conclusion that Mr. Faddish worked on valves

Crane Co.'s first objection to the Panel's R&R attacks the evidence put forward by the Plaintiff in response to Crane Co.'s motion for summary judgment.  Plaintiff relies on the video taped deposition of Mr. Faddish combined with the testimony of an expert witness, Arnold Moore, to raise a genuine issue of material fact as to whether Crane Co. valves were present on the U.S.S. Essex. (R&R at 5-6.)  Plaintiff also points to this evidence to raise the issue of whether these valves generated asbestos dust to which Mr. Faddish was exposed while working aboard the U.S.S. Essex.  (Id.)  Crane Co. disagrees with the Panel's determination that these depositions, read in conjunction

5

with each other, are enough to overcome their motion for summary judgment.

The parties substantially agree on the applicable law.[3] To establish causation under Florida law, a plaintiff must show that asbestos exposure from the defendant's product at issue was a substantial contributing factor to plaintiff's physical impairment. Fla. Stat. § 774.204(1)(2009); <u>Reaves v. Armstrong World Indus., Inc.</u>, 569 So.2d 1307, 1308-9 (Fla. 4th DCA 1990).

In this case, Mr. Faddish stated that he was responsible for general maintenance and cleaning in the engine room of the U.S.S. Essex. Mr. Faddish testified that this included the turbines, pumps, general machinery, steam lines, and generators. (Faddish Video Dep., doc. no. 127, Exh. C at 22:12-13, 23:17-23, 24:10-11.) Mr. Faddish testified that he was responsible for "making sure all the coverings, all of the machinery . . . [was] clean, no dirt, no dust." (<u>Id.</u> at 24:14-15, 26: 15-18, 39:2-14.) This "dust" referred to by Mr. Faddish, accumulated in the engine room and "had to come from the fitting, the top, from inside, everything floating around inside" the engine room. (Faddish Video Dep., doc. no. 127, Exh. C at 27:12-13, 16; 29:17-22, 39:15-16.) Furthermore, as an additional part of his duties, Mr. Faddish had to replace flanged gaskets,

---

[3] The Panel conducted a careful conflict of law analysis and concluded that Florida law controlled the question of causation. At oral argument, counsel agreed that the results under Florida law would be same as under maritime law on the issue of causation.

scraping them clean, which created dust. (Faddish Disc. Dep., doc. no. 127, Exh. E at 77:11-23; 78:9,12; 140:25-141:2.) He also performed "instructional maintenance" on gaskets and packing. (Faddish Video Dep. at 32:12-25; 36:20-22.)

Although Mr. Faddish was able to provide a detailed description of his duties, he was not able to identify the specific manufacturer(s) of the equipment that he worked on. To fill this gap, Plaintiff has retained Capt. Arnold Moore (Ret.)[4] to serve as a product identification expert in this case. Capt. Moore reviewed Mr. Faddish's testimony and the naval records of the U.S.S. Essex, and identified multiple valves which were present on the U.S.S. Essex and were manufactured by Crane Co. (Moore Dep. at 203:3-9.) Capt. Moore also testified that, at the time, Crane Co. specifications called for asbestos gaskets and

---

[4] Captain Moore has been continuously licensed as a professional engineer for 29 years. Captain Moore completed several tours of duty in the U.S. Navy in the engineering department of different ships, serving as the Damage Control Officer. He completed an extensive qualification program for Engineering Officer of the Watch on the U.S.S. Newport News.
From 1972-1975 Captain Moore was a Navy sponsored graduate student at the Massachusetts Institute of Technology in the Naval Ship Design and Construction curriculum. At the conclusion of this program, Captain Moore received a Master of Science degree in Naval Architecture and Marine Engineering and a Professional Degree of Ocean Engineer. Captain Moore's testimony is based on his educational background and his 26 years of experience as a Naval Officer and 28 years as a Naval Architect and Marine Engineer directing the design of United States naval warships. During this time, Captain Moore conducted extensive research of Navy specifications and standards. (Moore Report, doc. no. 131, Exh. F., at 2-4.)

packing for their valves.  (Moore Dep. at 201:22-24.)  Based on this evidence, the Panel properly found that the testimony from both of Mr. Faddish's depositions combined with the opinion of Capt. Moore created a jury question as to whether or not asbestos dust from Crane Co. products were a substantial contributing factor to Mr. Faddish's injury.  (R&R, doc. no. 159, at 8.)

The only case cited by Crane Co. in support of their objection is Evers v. General Motors Corp., 770 F.2d 984, 986 (11th Cir. 1985).  Crane Co. cites Evers for the proposition that Capt. Moore's expert testimony placing Crane Co. valves on the U.S.S. Essex is insufficient to overcome a motion for summary judgment.  Evers, however, is not helpful to Crane.

In Evers, the expert testimony put forward in opposition to the motion for summary judgment was only the affidavit of one of Plaintiff's expert which was sharply contradicted by another expert report in the case.  Evers, 770 F.2d at 985.  Here, by contrast, Capt. Moore's testimony was provided live at deposition at which Crane Co. had the opportunity to cross-examine Capt. Moore, without significantly undermining his opinion.[5]  Second, while in Evers the defense was

---

[5]  Capt. Moore's deposition occurred on November 27, 2009 and attorney Rebecca Kibbe, esq. appeared on behalf of Crane Co. (Moore Dep., doc. no. 127, Exh. F at 1-3.)  Furthermore, Crane Co. does not attack the substance of Capt. Moore's testimony, rather they argue that it is insufficient to raise a genuine issue of material fact on causation.

8

able to point to contradictory expert testimony, there is no contradictory expert testimony available here. In light of the differences in the factual record between Evers and this case, the ultimate holding in Evers that "conclusory allegations without specific supporting facts have no probative value" has no place here. Id.

Accordingly, Crane Co.'s first objection is overruled.

B. The Panel's Conclusion that Crane Co. Specified the use of Asbestos in its valves is not supported by evidence

Crane Co.'s specific objection is to the alleged Panel finding that Crane Co. specified or otherwise required asbestos insulation on their products. (Crane Co. Objects., doc. no. 177 at 3.) The sentence in the R&R giving rise to this objection is presumably on page seven, where the opinion states that "Mr. Moore also testified that defendant's specifications for its valves called for asbestos gaskets and packing." (R&R, doc. no. 159 at 7.)

Crane Co.'s objection is overruled. The Panel correctly stated the substance of Capt. Moore's testimony and report. The Panel relied upon Capt. Moore's testimony to show that Plaintiff had produced sufficient evidence that the valves on the ship were manufactured by Crane Co. and actually contained asbestos during the relevant time to survive a motion for summary

9

judgment. While the issue of whether the specifications called for asbestos insulation may be relevant at trial, right or wrong, it is not grounds to disturb the Panel's ruling in this case.

   C.   Crane Co. is not Liable for Asbestos Containing
        Products Made or Supplied by Others

Crane Co.'s third objection attempts to assert a defense that there was no duty to warn an end user when the "asbestos-containing products made and supplied by others" were not placed into the stream of commerce by Crane Co. (Crane Co. Objects., doc. no. 177, at 4.)  Since Crane Co. never raised this argument in their motion for summary judgment, and acknowledged as much at oral argument, this argument has been waived and the objection is overruled.

At some point during the three hour oral argument before the Panel, the attorney for Crane Co. did mention that his valves came as "bare metal" (i.e. that the valves supplied to the Navy by Crane Co. did not include asbestos insulation as part of their final product, rather it was applied later by an entity other than Crane Co.).[6]  (Hrg. Trans., doc. no. 143 at 73:11-

---

   [6]   The need to clearly articulate and argue the bases for the assertion of the "bare metal" defense before the Panel is heightened in that the availability of the defense is unsettled under Florida law and the subject of much controversy in other forums.  Compare Simonetta v. Viad Corp., 197 P.3d 127 (2008) and Merrill v. Leslie Controls, Inc., 101 Cal. Rptr. 3d 414 (Cal. Ct. App. 2009) with Berkowicz v. AC & S, Inc., 288 A.D.2d 148 (N.Y.

10

12.) However, when Magistrate Judge Hey asked him about the defense specifically, Counsel acknowledged that Crane Co. had not made the argument prior to the hearing. (Id. at 82:17-25.) The transcript reads as follows:

> JUDGE HEY: All right, thank you. Now you also, you raised the bare [metal] issue. Is there anything that you want - or you don't.
>
> MR. SWETZ [Counsel for Crane Co.]: Well, other than to the extent that these valves did come as bare metal. We did not sort of advance that argument. It is an argument that we would plan to make, that these came – they were not covered in asbestos.

Crane Co. did not raise anything resembling the "bare metal" defense in their motion for summary judgment. Other than a cite to the case of Lindstrom v. A-C Prod. Liab. Trust, 424 F.3d 488, 492 (6th Cir. 2005), in Crane Co.'s reply brief, there is no case law cited which could support this argument. (See Reply in Supp. Mot. Summ. J., doc. no. 137, at 2.) Furthermore, the Lindstrom case was cited in support of an argument that a plaintiff must prove exposure to respirable fibers emanating from a particular defendant's product; Crane Co. did not advance any argument that they were not required to warn because their valves consisted of "bare metal." (See Id.)

To the extent that one could conclude that the citation to Lindstrom did raise the argument, "an argument consisting of

---

App. Div. 2001) and Chicano v. Gen. Elec. Co., 03-5126, 2004 WL 2250990 (E.D. Pa. Oct. 5, 2004.)

11

no more than a conclusory assertion . . . will be deemed waived." See Reynolds v. Wagner, 128 F.3d 166, 178 (3d Cir. 1997). Furthermore, and in the same vein, "arguments mentioned in passing, but not squarely argued, will be deemed waived." Pennsylvania v. U.S. Dep't of Health & Human Serv., 101 F.3d 939, 945 (3d Cir. 1996). Crane Co. has not squarely argued or effectively asserted this defense in any context prior to the filing of objections. Therefore, Crane Co.'s assertion of the defense in it's objections to the Panel's R&R is unavailing, and the objection is overruled.

IV. CONCLUSION

Each of Crane Co.'s objections to the Panel's R&R are overruled. The Court adopts the Panel's R&R denying summary judgment as to Plaintiff's claims against Crane Co.

An appropriate order follows.