```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| RUTH FADDISH, Individually and as executrix of the estate of JOHN FADDISH, deceased, | : : : : : | CONSOLIDATED UNDER MDL 875 |
| Plaintiff, | : : | CIVIL ACTION NO. 09-70626 |
| v. | : : : : | Transferred from the Southern District of Florida |
| WARREN PUMPS, LLC et al., | : : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                OCTOBER 21, 2010

Before the Court is the report and recommendation ("R&R") issued by Magistrate Judge David R. Strawbridge, and joined by Chief Magistrate Judge Thomas J. Rueter and Magistrate Judge Elizabeth T. Hey ("the Panel"), and defendant Warren Pumps LLC's objections thereto. The Panel recommends that the Court deny Warren Pumps LLC's motion for summary judgment.[1] Federal jurisdiction in this case is based on diversity of citizenship

---

[1] This case was referred by Order of the Presiding Judge of MDL-875 to a panel of three magistrate judges pursuant to MDL-875 summary judgment procedures regarding issues of causation (product identification), successor liability and settled issues of state law. (See MDL-875 summary judgment procedures, available at www.paed.uscourts.gov/mdl1875y.asp; see also Faddish v. Buffalo Pumps, Inc., et al., 09-706265, doc. no. 156.) In the instant case, the R&R was filed after all parties were afforded an opportunity to brief all relevant summary judgment issues and lengthy argument in front of the Panel.

1

under 28 U.S.C. § 1332. The issue before the Court revolves around product identification.

I. BACKGROUND

This case is part of MDL-875, the consolidated asbestos products liability multidistrict litigation pending in the Eastern District of Pennsylvania. The instant claims are based on failure to warn causes of action under Florida law. (Compl. ¶5.)

Plaintiff's husband and the injured party in the instant case, John Faddish ("Mr. Faddish"), was a serviceman in the U.S. Navy. Mr. Faddish served aboard the U.S.S. Essex from 1958-1961. (Suppl. Compl. ¶¶ 3-5.) Plaintiff alleges that Mr. Faddish's death from mesothelioma was related to asbestos-containing Warren Pumps LLC ("Warren") products used aboard the U.S.S. Essex. (Id.)

Warren moved for summary judgment on two grounds. First, Warren asserted that there is no genuine issue of material fact as to whether Warren products were a substantial contributing factor to Mr. Faddish's injuries.[2] (Def.'s Mot. Summ. J., doc. no. 130, at 9). Second, Warren asserted that they cannot be held liable as a successor-in-interest to pumps manufactured by Quimby

---

[2] John Faddish is the injured party. He is deceased and his wife Ruth Faddish has been appointed executrix of his estate and has been substituted as the named plaintiff in this case.

Pump Company that were aboard the U.S.S. Essex.  (Id. at 5.)

The Panel issued an R&R denying Warren's Motion for Summary Judgment, finding that the combination of decendent's testimony and Plaintiff's expert witness could lead a reasonable jury to find that Warren products were a substantial contributing cause to Mr. Faddish's injuries.  (R&R, doc. no. 161, at 6.)  The Panel granted Warren's Summary Judgment on the issue of successor liability to Quimby Pumps.  (R&R, doc. no. 161, at 7.)  As no objections to that portion of the R&R have been filed, this Court adopts the Panel's finding that Warren is not a successor-in-interest to the Quimby Pump Company, as it merely purchased its assets, but did not assume its liabilities.  (Def.'s Mot. Summ. J. at 5; R&R at 7, n.4.)

Warren raises two objections to the R&R.  First, it argues that the Panel erred in determining that Plaintiff has raised sufficient evidence on the issue of causation to survive summary judgment.  (Def.'s Objects., doc. no. at 180, at 1.)  Second, it objects to the Panel's determination that Mr. Faddish's testimony regarding working on pumps, generally, supports an inference that Mr. Faddish worked on Warren pumps.  (Id.)  The Court overrules each of these objections, and adopts the Panel's R&R denying Warren's Motion for Summary Judgment.

II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[a] judge of the Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

When evaluating a motion for summary judgment, Federal Rule of Civil Procedure 56 provides that the Court must grant judgment in favor of the moving party when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56(c)(2). A fact is "material" if its existence or non-existence would affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of fact is "genuine" when there is sufficient evidence from which a reasonable jury could find in favor of the non-moving party regarding the existence of that fact. Id. at 248-49. "In considering the evidence, the court should draw all reasonable inferences against the moving party." El v. SEPTA, 479 F.3d 232, 238 (3d Cir. 2007).

"Although the initial burden is on the summary judgment movant to show the absence of a genuine issue of material fact, 'the burden on the moving party may be discharged by showing-that is, pointing out to the district court-that there is an absence

4

of evidence to support the nonmoving party's case' when the nonmoving party bears the ultimate burden of proof." Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004) (quoting Singletary v. Pa. Dep't of Corr., 266 F.3d 186, 192 n.2 (3d Cir. 2001)). Once the moving party has thus discharged its burden, the nonmoving party "may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in [Rule 56]--set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

III. DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court must apply a de novo standard of review to the portions of the R&R that Warren has objected to.

Florida Law applies to the instant case.[3] Under Florida

---

[3] The Panel conducted a choice of law analysis as to whether Florida law or maritime law is applicable to this case, and determined that Florida law applies. (R&R at 4, n.2.) The transferee court in multi-district litigation is required to "apply the same state substantive law, including choice of law rules, that would have been applied in the jurisdiction in which the case was filed." Menowitz v. Brown, 991 F.2d 36, 40 (2d Cir. 1993). Under Florida law, a conflict of law analysis is unnecessary if there is a "false conflict." Pycsa Panama, S.A. v. Tensar Earth Tech, Inc., 625 F. Supp. 2d 1198, 1218-19 (S.D. Fl. 2008)(applying Florida law). A "false conflict" exists when the law of the interested jurisdictions are the same. Id. With respect to proximate cause, Florida law and maritime law employ the same test. Compare Singleton Stone v. Amquip Corp., 98-cv-4691, 2000 WL 1448817 at *3 (E.D. Pa. Sep. 29, 2000) (applying

5

law, a plaintiff must show that a defendant's product was a "substantial contributing factor" to the injury that occurred to bring a claim. (Asbestos and Silica Compensation Fairness Act, FLA. STAT. § 774.205). If defendant's products are identified in a given case, "traditional" methods of finding causation apply. Celotex Corp. v. Copeland, 471 So. 2d 533, 536 (Fla. 1985). The traditional method of establishing causation in negligence cases requires the plaintiff to "introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result." Gooding v. University Hospital Bldg, Inc., 445 So. 2d 1015 (Fl. 1984)(quoting Prosser, LAW OF TORTS § 41 (4th Ed. 1971)).

> A. There Remains a Genuine Issue of Material Fact as to Whether Warren products were a Substantial Contributing Factor to Mr. Faddish's Injuries

The Panel pointed to two pieces of evidence on the record to determine that a reasonable jury could find that Warren products were a "substantial contributing factor" to Mr. Faddish's injuries. First, Mr. Faddish testified that

---

"substantial contributing factor" test in products liability case under maritime law) with Reaves v. Armstrong World Industries, Inc., 569 So. 2d 1307, 1309 (Fl. Dist. App. Ct. 1990) (applying a "substantial contributing factor" test in an asbestos case). The Court adopts the Panel's finding that Florida law governs in this case.

6

> [W]e would fit [packing material], and I forget what pumps they were, but we would put [packing] in to keep steam and keep the pressure inside the pumps or the unit. The packing material was flexible, silverish in color by about a quarter inch and there were several layers on top of one another, and we would tighten that down to avoid leakage. (Dep. of John Faddish, Vol. I at 38:7-13).

Mr. Faddish testified that the replacement of packing materials on these pumps created dust, which he inhaled. (Id. at 38-39.) Plaintiff's expert, retired Naval Captain Arnold Moore, testified that there were at least seven Warren pumps inside the engine rooms in which Mr. Faddish worked, and that these pumps specified the use of asbestos gaskets and packing. (Moore Report, doc. no. 131-7 , 9-11.); (Dep. of Arnold Moore, doc. no. 131-8 at 89:11-112:4).

When viewed in a light most favorable to Plaintiff, this raises a genuine issue of material fact as to whether Mr. Faddish's work on Warren pumps aboard the U.S.S. Essex was a substantial contributing factor to his asbestos-related injuries, and Warren's objection on this basis is overruled. Further, Warren's objection that Mr. Faddish's testimony regarding pumps is too general to support an inference of Warren's liability is overruled, as Plaintiff's expert testimony is sufficient to raise a genuine issue of fact as to Warren's liability. Warren's objections to the Magistrate Judges' R&R in this case are overruled, and Summary Judgment

7

is denied.

       An appropriate order follows.