```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| RUTH FADDISH, Individually and as executrix of the estate of JOHN FADDISH, deceased, | : : : : : | CONSOLIDATED UNDER MDL 875 |
| Plaintiff, | : : | CIVIL ACTION NO. 09-70626 |
| v. | : : : | Transferred from the Southern District of Florida |
| GENERAL ELECTRIC CO. ET AL., | : : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                      DECEMBER 17, 2010

This Memorandum addresses Plaintiff's Notice of Appeal (doc. no. 215) filed on December 3, 2010. The purpose of the instant Memorandum is to clarify the Court's Order of November 22, 2010, which is the subject of this appeal, pursuant to Local Rule of Appellate Procedure 3.1.

I. BACKGROUND

This case is part of MDL-875, the consolidated asbestos products liability multi-district litigation pending in the Eastern District of Pennsylvania. The case was transferred from the Southern District of Florida to the Eastern District of Pennsylvania in June 2009. The case was referred to Chief Magistrate Judge Thomas J. Rueter for pretrial management and

1

settlement conferences. At the close of discovery, in winter 2010, multiple Defendants filed motions for summary judgment, which were contested by Plaintiff. On March 24, 2010, a panel of three Magistrate Judges ("the Panel"),[1] all of whom manage a substantial caseload of MDL-875 cases, heard oral argument on the opposed motions in the instant case, as well as three other cases transferred from the Southern District of Florida. (See doc. no. 143.) Thereafter, the Panel issued a Report and Recommendation for each individual defendant's motion for summary judgment.

Relevant to the issue currently on appeal, on June 2, 2010, Magistrate Judge Rueter issued a Report and Recommendation stating that Defendant General Electric's Motion for Summary Judgment be denied with respect to the issue of product identification; the only issue that was before the Panel. Panel members, Magistrate Judges David R. Strawbridge and Elizabeth T. Hey, joined in that Report and Recommendation. On June 16, 2010, Defendant General Electric filed Objections, asserting that there was no genuine issue of material fact as to whether its products were a substantial contributing factor to Plaintiff's injuries.

On October 22, 2010, the Court issued a 23-page Memorandum Opinion, adopting the Panel's Report and Recommendation, but

---

[1] The matter had been referred to the Panel by the District Judge to hear Summary Judgment motions and issue a Report and Recommendation regarding the issue of product identification. (See doc. no. 166.) All other issues were reserved for the District Court. (Id.)

2

granting summary judgment in favor of General Electric on the government contractor defense, an issue which the District Court had reserved, and which had been fully briefed by the parties. (doc. no. 202.)

On November 5, 2010, Plaintiff's counsel filed a Motion for Extension of Time, requesting an extension of the deadline to file a Motion for Reconsideration of the Court's grant of summary judgment in favor of General Electric to November 15. (doc. no. 209.) Under Local Rule 7.1(g), Motions for Reconsideration must be filed within fourteen days of the Court's Order, placing the deadline on November 5, 2010.[2]

On November 15, Plaintiff filed a motion for reconsideration, which was due, under Local Rule 7.1(g), on November 5. On November 22, the Court denied the Motion for Reconsideration as untimely, rendering the Motion for Extension of Time moot.

The timing for the filing of Plaintiff's Motion for Extension of Time is governed by Federal Rule of Civil Procedure 6(b). Rule 6(b)(1) provides:

---

[2] Plaintiff's Motion stated that the deadline for a motion for reconsideration was November 8, 2010. However, weekend days count in the calculation of the fourteen-day period. Therefore, the deadline for filing a motion for reconsideration was November 5, 2010. See Fed. R. Civ. P. 6(a)(1)(B) ("When the period is stated in days or a longer unit of time . . . count every day, including intermediate Saturdays, Sundays, and legal holidays . . ."). Nevertheless, the request was made before the expiration of the deadline.

3

> (1) In General. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
>> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; [. . .]

This rule "confers 'discretion' [on the Court] . . . [and] provides the mechanism by which that discretion is to be invoked and exercised." Lujan v. Natn'l Wildlife Fed'n, 497 U.S. 871, 895-96 (1990). The "mechanism" is the combination of good cause, and a request. Id. at 896. It is clear from the language of the Rule that parties may not unilaterally create an extension by making a request, and that the ultimate determination lies within the discretion of the Court. See, e.g., Caraballo v. Lykes Bros. Steamship Co., 212 F. Supp. 216, 220 (E.D. Pa. 1962)(noting that "[s]tipulations made without approval of court, purporting to extend the time . . . are ineffective.") The decision of a district court to grant or deny an extension is reviewed for abuse of discretion, and an appellate court "will not interfere with a trial court's control of its docket except on the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." In Re Fine Paper Antitrust Litig., 685 F.2d 810 (3d Cir. 1982).

In the instant case, the stated reason for the extension was that, "due to Plaintiff's counsel's current workload and time

expended working on the instant case, undersigned counsel anticipates that counsel will need a brief enlargement of time to obtain the necessary exhibits and complete the relevant research and writing."  (doc. no. 209, at 2.)  Plaintiff's Motion stated that Defendant General Electric did not oppose an extension.

Neither of the grounds advanced by Plaintiff constitute good cause.  First, a general invocation to "current workload and the time spent working on the instant case" is insufficient.  Plaintiff does not identify a conflict or otherwise seek to describe with specificity what the "current workload" is, and in the absence of specific information the Court was unable to reach a considered judgment on the request.

Second, the "need [for] a brief enlargement of time to obtain the necessary exhibits and complete the relevant research and writing" is also insufficient.  Again, the Court is left to speculate as to the nature of the "exhibits" being sought, specifically in connection with a motion for reconsideration.  Moreover, given that Plaintiff had already briefed the issues, appeared for oral argument, and had received a lengthy written opinion by the Court, the Court was left to speculate as to what additional research Plaintiff needed.

Moreover, Plaintiff's request must be viewed in the context of the administration of justice.  Plaintiff's case is part of MDL-875, the consolidated asbestos personal injury multidistrict litigation.  The Court is presiding over thousands cases,

involving literally millions of claims and hundreds of attorneys. Granting extensions for the filing of motions for reconsideration, particularly in the absence of well-supported grounds, would undermine the Court's ability to efficiently adjudicate these proceedings.

Finally, Plaintiff has an obligation to file a motion for reconsideration within the time period provided by the local rules. The filing of a Motion for Extension of Time does not afford a party a stay to satisfy this obligation. Whether or not the opponent agrees to the request for an extension is irrelevant. A detailed explanation of the good cause shown for an expansion of the time within which a rule of procedure requires an act to be done is necessary to support the request, and that was lacking in the instant case.

Therefore, the Court, exercising its discretion in the control of its docket, properly denied the Motion for Reconsideration as untimely thus rendering the Motion for Extension of Time moot.

S/Eduardo C. Robreno

**EDUARDO C. ROBRENO, J.**